# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 05-3959

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Beatrice G. Lomeli, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 16, 2007
Filed: March 22, 2007

_____

Before COLLOTON, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Beatrice Gloria Lomeli appeals the 37-month sentence imposed upon her by the district court[1] after she pleaded guilty to conspiracy to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. After careful review, we affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

A grand jury indicted Ms. Lomeli for conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. While she initially pleaded not guilty, she later changed her plea on the conspiracy charge, pursuant to a cooperation agreement with the Government. The agreement stipulated that Ms. Lomeli would be held accountable for at least 5 kilograms but less than 15 kilograms of methamphetamine, and the possession charge was dismissed.

Based upon the stipulated quantity and the Presentence Investigation Report, the district court determined that Ms. Lomeli's base offense level was 30. The district court granted Ms. Lomeli a four-level downward adjustment for being a minimal participant, a two-level safety valve reduction, and a three-level downward adjustment for acceptance of responsibility. This produced a total offense level of 21, and with a criminal history category I, Ms. Lomeli's advisory Guidelines sentencing range was 37 to 46 months. The district court, following the correct sentencing procedure, then determined that no traditional Guideline departures were warranted and that the circumstances did not warrant a variance, or non-Guidelines sentence. See United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). The court then sentenced Ms. Lomeli to the low end of the advisory range, 37 months of imprisonment, after reviewing the factors set forth in 18 U.S.C. § 3553(a). Ms. Lomeli appeals her sentence, contending that the district court erred when it failed to consider her extensive post-arrest rehabilitation and failed to reduce the sentencing range to reflect that rehabilitation.

Prior to sentencing, Ms. Lomeli submitted a memorandum to the court with many character letters and information detailing her post-arrest rehabilitation. The memorandum was construed by the court as either a motion for a Guidelines departure or for a Booker[2] variance. The district court fully considered this information as part

---

[2]United States v. Booker, 543 U.S. 220 (2005).

of its sentencing procedure and determined that the circumstances of the case did not warrant either a variance or a traditional Guidelines departure. A district court's decision not to grant a Guidelines departure is unreviewable on appeal, if the district court recognized its right to depart and declined to do so. United States v. Godinez, 474 F.3d 1039, 1043 (8th Cir. 2007). Here, the district court specifically recognized its right to depart downward under United States Sentencing Guidelines (USSG) § 5K2.0, but determined that the circumstances did not justify granting a departure. As such, to the extent that Ms. Lomeli's original memorandum was construed as a motion to depart, the district court's decision to deny that motion is unreviewable.

As to Ms. Lomeli's argument that the district court failed to properly apply and consider the § 3553(a) factors, we review her ultimate sentence for unreasonableness. United States v. Pirani, 406 F.3d 543, 548 (8th Cir.) (en banc) (stating that the effect of Booker was "an advisory Guidelines system in which . . . courts of appeal [sic] review sentences for 'unreasonableness'") (quoting Booker, 543 U.S. at 261), cert. denied, 126 S. Ct. 266 (2005); see also, United States v. Rogers, 423 F.3d 823, 829 (8th Cir. 2005) (noting that "reasonableness review under Booker is akin to abuse of discretion") (internal marks omitted). While a sentence within the Guidelines range is presumptively reasonable, the district court does have discretion post-Booker to vary from that advisory range in order to tailor a sentence when circumstances justify such a step. United States v. Maloney, 466 F.3d 663, 668 (8th Cir. 2006). On appeal, the burden is on Ms. Lomeli to demonstrate that the sentence should have been lower based upon the § 3553(a) factors. United States v. Milk, 447 F.3d 593, 603 (8th Cir. 2006). She may do so "by showing the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or otherwise committed a clear error of judgment." Id. (internal marks omitted).

We find nothing in the record that indicates the district court's sentence of 37 months was unreasonable. The district court gave a detailed explanation that

recognized the rehabilitative efforts of Ms. Lomeli, but found that the case was fairly typical and did not involve circumstances that the Guidelines failed to take into consideration.  Id.; see also Maloney, 466 F.3d at 688 (noting "that '[t]he Guidelines were fashioned taking the other § 3553(a) factors into account and are the product of years of careful study'") (quoting United States v. Lazenby, 439 F.3d 928, 932 (8th Cir. 2006)).  Ms. Lomeli has not met her burden of showing the unreasonableness of the district court's presumptively reasonable sentence.

Accordingly, we affirm the district court's judgment.

_____